**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jesus Madrid, Jr., | No. CV-20-00683-PHX-JAT (MHB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

TO THE HONORABLE JAMES A. TEILBORG, UNITED STATES DISTRICT COURT JUDGE:

On April 6, 2020, Petitioner Jesus Madrid, Jr., who is confined in the Arizona State Prison, CACF, Florence, Arizona, filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (hereinafter "habeas petition"). (Doc. 1.)   On July 10, 2020, Respondents filed a Limited Answer.  (Doc. 9.)  On December 16, 2020, Petitioner filed a Reply. (Doc. 16.)

**STATE PROCEDURAL BACKGROUND**

Petitioner was indicted in the Pinal County Superior Court, State of Arizona, on three counts of child molestation and one count of sexual conduct with a minor, all class 2 felonies and dangerous crimes against children, and two counts of public sexual indecency to a minor, class 5 felonies.  (Doc. 9, Exhs. A-C.)  On April 10, 2014, he was convicted by a jury of two counts of child molestation and two counts of public sexual indecency; the jury was unable to reach a verdict on the remaining two counts.  (Id., Exh. C.)  Petitioner

admitted two historical priors.  (Id.)  On May 30, 2014, Petitioner was sentenced to a combination of prison terms totaling 22.5 years.  (Id., Exh. D.)  He filed a timely notice of appeal of his judgment and sentence.  (Id., Exh. E.)

On November 12, 2014, appointed counsel filed an Anders[1] brief in the Arizona Court of Appeals, indicating that she had reviewed the record and could find no grounds for relief.  (Doc. 9, Exh. F.)  Petitioner thereafter field a pro se Supplemental Brief, claiming that the trial court erred by (1) "not excluding victims and mother from court room during testimony," (2) "not allowing counsel permission to interview the victims and their mother," (3) "not securing evidence . . . put back in [his] property at the jail," (4) "failing to inquire into conflict of interest after defense counsel's pretrial warnings violated right to effective assistance of counsel," (5) denying his requests for change of counsel, and (6) "not respecting Petitioner's constitutional right to effective assistance of counsel." (Id., Exh. G.) In a Memorandum Opinion filed on March 30, 2015, the Arizona Court of Appeals found that Petitioner's claims of ineffective assistance of counsel "may not be raised on appeal," and therefore did not address them.  Petitioner's other claims were denied on the merits.  The Court concluded that:

> Pursuant to our obligation under Anders, we have searched the record for fundamental, reversible error and have found none.  And, as discussed above, we have rejected the issues raised in Madrid's supplemental brief.  Therefore, his convictions and sentences are affirmed.

(Id., Exh. I at 5.)

On May 6, 2015, the Court of Appeals issued its Mandate.  (Doc. 9, Exh. J.) Petitioner filed a Notice of Post-Conviction Relief on May 30, 2014[2].  On March 14, 2016, Petitioner's appointed PCR counsel filed a Notice Pursuant to Rule 32.4(c), Arizona Rules

---

[1] Anders v. California, 386 U.S. 738 (1967).
[2] Respondents have been unable to locate this filing, although in the trial court's ruling in PCR proceedings the court states that Petitioner filed a PCR Notice on this date.  (Doc. 9, Exh. O at 3.)  Respondents assume this is a typographical error, since the Notice would have been filed before Petitioner's sentencing. Petitioner does not provide a copy of his PCR Notice with his habeas petition or Reply.  In the state's PCR response, it referred to the Notice as having been filed on March 30, 2015.  (Id., Exh. M at 2.) The question of whether Petitioner filed his Notice in 2014 or 2015 does not need to be resolved as it is inconsequential to this Court's analysis and conclusion.

of Criminal Procedure, indicating that she could find no colorable claims to raise in PCR proceedings.  (Id., Exh. K.)  On April 10, 2017, Petitioner filed a pro se PCR petition, in which he raised the following claims:  (1) ineffective assistance of trial counsel in failing to secure a cell phone in Petitioner's property, (2) prosecutorial misconduct in destroying an LG cell phone, (3) prosecutorial misconduct in mishandling and compromising evidence in the custody of the Clerk of Court, and (4) abuse of discretion by the trial court in not ordering a deposition of the prosecutor and a private investigator regarding the phones.  (Id., Exh. L.)

The trial court held an evidentiary hearing on March 30, 2018, and, after discussing Petitioner's burden in a Rule 32 proceeding, and the law applicable to a claim of ineffective assistance of counsel, ruled as follows:

> Here, the Defendant has alleged that he requested Mr. Alexander [trial counsel] to get his personal cell phone, hereinafter referred to as the LG phone, and have the data on it analyzed.  He believed the LG phone contained exculpatory evidence.  The LG phone was in possession of the Pinal County Sheriff's Office and was being held in his property at the Pinal County Jail. The State performed a 'preview' on the LG phone data.  It did not perform a forensic extraction on the LG phone.  The preview did not reveal any exculpatory evidence on the LG phone.  It was returned to the Defendant's property at the Pinal County Jail after the examination.
>
> Former Deputy County Attorney Matthew Long testified at the Evidentiary Hearing concerning the LG cell phone.  The State did not use the LG cell phone as evidence at the trial.  The State did introduce evidence from another cell phone.  This cell phone was also owned by the Defendant.  He gave this phone to one of the victims.
>
> Morgan Alexander testified at the Evidentiary Hearing.  He testified that he had discussions with the Defendant about using the Defendant's cell phone as evidence at trial.  He testified that he did not want to use the LG Phone as evidence in the trial.  The trial strategy was for the Defendant to testify at trial and explain to the jury why he did not commit the offenses he was charged with.  The Defendant did testify at trial and the LG phone was not used as evidence during the trial.
>
> Based upon the credible evidence, the Court finds that Attorney Morgan Alexander was not ineffective in assisting the Defendant during the case, including the Jury trial.  A strong presumption exists that an alleged deficiency by Defendant's trial counsel constituted sound trial strategy and

the Defendant has a heavy burden to prove otherwise. *Strickland*, 466 U.S. at 689; *State v. Nash*, 143 Ariz. 392, 398, 694 P2d 222 (1985).

The Defendant has failed to prove that his trial counsel, Morgan Alexander, was ineffective in the manner that he conducted his representation of the Defendant.

The next issue presented by the Defendant was regarding the prosecutor, Matthew Long. Defendant alleged that Deputy County Attorney Matthew Long, violated his right to due process by either destroying or losing the Defendant's LG cell phone, which may have contained exculpatory evidence.

The Defendant failed to show that the LG cell phone contained any exculpable evidence or evidence that was in support of his defense. Matthew testified at the Hearing. He stated that he did not personally handle the Defendant's LG cell phone. He did state that a detective with the Pinal County Sheriff's Office retrieved the LG phone from the Defendant's jail property. The detective performed a cursory examination of the phone's data and reported the phone did not contain any evidentiary value whether it was inculpatory or exculpatory. He further testified the LG phone was returned to the Defendant's property with the Pinal County Jail.

There is no credible evidence that Matthew Long nor anyone else either destroyed or lost the LG phone. The Defendant has failed to prove that the actions of Matthew Long or other law enforcement, under his control or instruction, destroyed or lost the LG cell phone. The Defendant has further failed to prove LG phone would have been beneficial to the Defendant. There is no credible evidence that the Defendant was deprived of due process regarding the loss or destruction of the LG phone.

The third issue presented by Defendant in his Petition for Post-Conviction Relief, is similar to the second issue. He alleged that Matthew Long had "sometime during trial, as discovered by La Joya investigations, violate the Rules of Evidence when two property bags, housing two cell phones, in the custody of the Clerk of the Court were found to be mishandled and the evidence compromised, including the two cell phones".

At the Hearing, the Defendant did not present credible evidence to substantiate this claim. Matthew testified the cell phones seized by the State included a cell phone the Defendant gave to one of the victims. The data from this cell phone was admitted into evidence at trial. This cell phone did not contain any exculpatory evidence. The other cell phone, alleged to be in the property bags, did not contain any exculpatory evidence, as testified by Matthew Long.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The Defendant has not presented any credible evidence to support this claim.  Therefore, the Defendant has not met his burden in proving the loss or destruction of any exculpatory evidence.

The fourth issue in the Defendant's Petition for Post-Conviction Relief is the trial court abused its discretion by refusing to order the deposition of Matthew Long and Gilbert Duron of La Joya Investigations. The Defendant filed a special cation to the Court of Appeals on this issue. The Court of Appeals declined to accept jurisdiction on the Special Action.

The Defendant had the opportunity to examine Matthew Long during the Hearing.  He did ask questions of Mr. Long during the hearing concerning the allegations raised in his Petition for Post-Conviction Relief.   The Defendant could have requested the issuance of a subpoena for Gilbert Duron.  He elected not to.  Mr. Duron did not testify during the hearing.  The Defendant has failed to meet his burden as to this issue.

After review of the Defendant's Petition for Post-Conviction Relief, the State's Response, The Defendant's Reply and the evidence presented at the evidentiary Hearing, and good cause appearing,

**IT IS ORDERED** denying defendant's Petition for Post-Conviction Relief Rule 32.

(Doc. 9, Exh. O.)

Petitioner initially filed a Notice of Appeal of the denial of his PCR petition in the trial court, which the trial court dismissed on May 8, 2018, advising Petitioner that the proper forum for review was in the Arizona Court of Appeals.  (Doc. 9-3 at 128.)  The court advised Petitioner that he had thirty (30) days to file a petition for review in that court. (Id.)  On July 11, 2018, Petitioner filed a Petition for Review of the trial court's decision in the Arizona Court of Appeals.  (Doc. 9, Exh. P.)  On July 29, 2018, the Arizona Court of Appeals dismissed Petitioner's petition for review as untimely.  (Id., Exh. Q.)  The Court issued its Mandate on November 16, 2018.  (Id., Exh. R.)

On August 9, 2018, subsequent to the Arizona Court of Appeals' dismissal of Petitioner's petition for review, Petitioner filed a successive PCR petition in the trial court, alleging bias by the trial court in its denial of Petitioner's request for discovery during PCR proceedings, and in its denial of relief. (Doc. 9, Exh. S.)  The trial court dismissed Petitioner's second PCR petition on November 21, 2018, finding that Petitioner did not

raise any issues permitted to be raised in a successive PCR petition.  (<u>Id.</u>, Exh. V.)

Specifically, the court found that Petitioner's successive petition did not "establish the

existence of newly discovered material facts, the timeliness of [Petitioner]'s Petition for

Post-Conviction Relief and Notice of Appeal, nor a claim of actual innocence."  (<u>Id.</u> at 4.)

On January 4, 2019, Petitioner filed a Petition for Review of that decision in the

Arizona Court of Appeals.  (Doc. 9, Exh. W.)  As Petitioner had neglected to attach the

trial court's ruling to his petition for review, the Court ordered that Petitioner submit the

document on or before February 8, 2019.  (<u>Id.</u>, Exh. X.)  The Court of Appeals issued a

second Order on January 30, 2019, finding that Petitioner's Petition for Review was "not

timely filed within the thirty (30) day time limit in accordance with Ariz. R.Crim. P. 32.9,"

and gave Petitioner ten (10) days to show cause why his petition should not be dismissed.

(<u>Id.</u>, Exh. Z.)  On February 7, 2019, Petitioner filed a Motion Showing Reason for not

Dismissing Case, asserting that he "thought his petition was timely," and reiterating the

claims raised in his Petition for Review.  (<u>Id.</u>, Exh. AA.)  The Court of Appeals, on

February 13, 2019, dismissed Petitioner's petition, "with leave to file for an extension of

time in Pinal County Superior Court."  (<u>Id.</u>, Exh. BB.)

Petitioner filed a motion in the trial court requesting an extension of time, which

was denied on March 29, 2019.  (Doc. 9-3 at 37.)  Petitioner filed a motion to compel the

trial court to grant an extension in the Arizona Court of Appeals, which was denied on

April 24, 2019.  (<u>Id.</u>, at 34, 39.)  The Court of Appeals issued its Mandate on July 18, 2019.

(Doc. 9, Exh. EE.)

On April 6, 2020, Petitioner filed his habeas petition, in which he raises the

following issues:  ineffective assistance of trial, appellate and post-conviction counsel

(claim one); judicial abuse of discretion (claim two); prosecutorial misconduct (claim

three); and judicial abuse of discretion (claim four).  Respondents assert that Petitioner's

habeas petition is untimely, and in any event, his claims are non-cognizable and

procedurally defaulted.

\\\

**DISCUSSION**

I.      Statute of Limitations.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a one-year statute of limitations period shall apply a petition for a writ of habeas corpus by a person in state custody.  See, 18 U.S.C. § 2254(d)(1).  The limitations period runs from the latest of, as is relevant here, the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review becomes final.  18 U.S.C. § 2254(d)(1)(A); see Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002).  Petitioner was sentenced on May 30, 2014.  He thereafter filed a timely notice of appeal, and the Arizona Court of Appeals affirmed Petitioner's convictions and sentences on March 30, 2015.  Petitioner's convictions became final 35 days later, on May 4, 2015, when the time for seeking review by the Arizona Supreme Court expired.  See, United States v. Schwartz, 274 F.3d 1220, 1223 9th Cir. 2001) (finding "the statute of limitations began to run upon the expiration of the time during which she could have sought review by direct appeal.") (citation omitted).

The time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claims is pending shall not be counted toward" the limitations period.  28 U.S.C. § 2244(d)(2); see Lott, 304 F.3d at 921.  A state petition that is not filed, however, within the state's required time limit is not "properly filed" and, therefore, the petition is not entitled to statutory tolling.  See Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005).  "When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."  Id., at 414.

Petitioner filed a timely notice of post-conviction relief.  On April 11, 2018, the trial court denied his petition.  Although Petitioner filed a petition for review in the Arizona Court of Appeals, the petition was dismissed as untimely.  Petitioner also filed a successive petition for post-conviction relief, which was denied for the reason that Petitioner had not raised any claims that were cognizable in a successive PCR proceeding.  Petitioner's petition for review and successive PCR petition were therefore not "properly filed" and do

- 7 -

not toll the statute of limitations.  Thus, the AEDPA statute of limitations began to run on the date the trial court denied Petitioner's first PCR petition, April 11, 2018, and expired 1-year later on April 11, 2019.  Petitioner filed his habeas petition on April 6, 2020, nearly a year beyond the limitations period, and it is therefore untimely. Even if the limitations period was tolled during the time Petitioner's second untimely petition was pending in the Arizona Court of Appeals, his petition would still be untimely by nearly two months, as the Court of Appeals dismissed his petition for review on February 13, 2019.

The statute of limitations may be equitably tolled if "(1) the petitioner has diligently pursued his rights, and (2) extraordinary circumstances exist."  United States v. Aguirre-Ganceda, 592 F.3d 1043, 1045 (9th Cir. 2010) (citing Pace, 544 U.S. at 418 (2005)).  The burden of establishing entitlement to equitable tolling is on Petitioner.  Pace, 544 U.S. at 418.  Equitable tolling is available "only when extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time and the extraordinary circumstances were the *cause* of [the petitioner's] the untimeliness."  Bills v. Clark, 628 F.3d 1092 (9th Cir. 2010) (emphasis in original) (internal quotes and citation omitted).

In Petitioner's habeas petition, he asserts that the 1-year statute of limitations does not bar his habeas petition because the state's misconduct regarding evidence acted as an "impediment" to his filing a timely petition.  (Doc. 1 at 11.)  Petitioner has claimed evidence tampering since the initiation of his PCR proceedings.  He fails to explain however how this purported tampering prevented him from filing a timely habeas petition. Even if Petitioner could demonstrate that he has diligently pursued his rights, he does not establish the kind of extraordinary circumstance that would entitle him to equitable tolling. In his Reply to Respondents' Limited Answer, Petitioner does not respond at all to Respondent's statute of limitations argument.  (Doc. 16.) This Court finds that Petitioner has not demonstrated extraordinary circumstances that would entitle him to equitable tolling of the statute of limitations, and thus Petitioner's habeas petition is untimely.

\\\

\\\

**CONCLUSION**

Having determined that Petitioner's habeas petition is untimely, without excuse, the Court will recommend the petition be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) **DENIED and DISMISSED WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. See Rule 72, Federal Rules of Civil Procedure.

Dated this 13th day of April, 2021.

Honorable Michelle H. Burns
United States Magistrate Judge